## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.: 11-2270 (BKT) |
| **SAN JUAN BAUTISTA MEDICAL CENTER, CORP.** | |
| <u>Debtor</u> | CHAPTER 11 |

### MOTION PURSUANT TO 11 U.S.C. §366 (AAA)

**COMES NOW,** San Juan Bautista Medical Center Corp., the Debtor in Possession, and the Debtor hereinafter, through the undersigned attorney, STATES and PRAYS:

*Preliminary Statement*

The Debtor, San Juan Bautista Medical Center, Corp., d.b.a. "Hospital San Juan Bautista de Caguas" and "Hospital San Juan Bautista", is a non-profit organization under the laws of Puerto Rico and under Section 501(c)(3) of the Internal Revenue Code. The Debtor operates a hospital and medical research facility under a sublease agreement with the Escuela de Medicina San Juan Bautista. The physical space managed and occupied by the Debtor were formerly occupied by the Centro Médico Regional de Caguas. The Debtor is one of the few "teaching hospitals" in Puerto Rico, with approximately 259 medical students practicing at the facilities and 1,675 students a year preforming some research task at the hospital. The hospital employs 377 people directly and provides for the employment, indirectly, of approximately an additional 1,000 people. The Debtor is governed by a Board of Directors. The Debtor's Board is composed of esteemed professionals in the health care sector including its President, Ms. Limari Colon and Dr. Yocasta Brugal. The Debtor has been accredited by the Joint Commission on the Accreditation of Health Organizations since 2001.

The Hospital serves the private sector as well as providing services to the "medico indigentes" population in the Eastern Region of the island, including individuals from the municipalities of Caguas, Aguas Buenas, Gurabo, Juncos, San Lorenzo, Cayey, Aibonito, Cidra, Humacao, Las Piedras, Maunabo, Naguabo and Yabucoa, among others. The Debtor has 375 approved beds for hospitalization and offers a full spectrum of medical services including emergency medical treatment, surgery, neonatology, primary care, full clinical and pathology labs, and internal medicine. Currently the hospital has an average of over 85 hospitalized patients per day, treats 40 mental patients, provides treatment for 2500 monthly emergency patients and renders services to approximately 80 ambulatory patients per day.

The Escuela de Medicina San Juan Bautista, is also a non profit organization, governed by a Board of Trustees (*Junta de Síndicos*) and primarily composed of health professionals. The School's Board is overseen by Dr. Yocasta Brugal, a well known professional in the field. The school is accredited by the appropriate regional and national accrediting agencies and its students are eligible to receive federal student assistance.

The hospital shares the premises it leases with the Escuela de Medicina San Juan Bautista, the regional offices of the Department of Health ("DOH") and the Instituto de Estabilización Emocional del San Juan Bautista, Inc., ("IEESJB") a corporation dedicated to administering a mental health treatment facility. Collectively they are known to the public as the Hospital San Juan Bautista or Hospital Regional de Caguas.

The primary reason that has compelled the Debtor to petition for Bankruptcy has been due to the actions and efforts of the Puerto Rico Energy and Power Authority (PREPA) to suspend or terminate electrical services to Medical Center (including Debtor, the School of Medicine, and all entities currently occupying or based in the Medical Center). All of the

entities that are located in the premises receive electric power through the same account, account number 042-041432-002, which is in the name of the School of Medicine. The Debtor consumes approximately 85% of the electric power billed monthly to this account. The Debtor has historically been the entity that has provided payment to the invoices for electric power. Since 2002, the Debtor, the School of Medicine and PREPA have been involved in a state court litigation for the collection of the amounts owed to PREPA due to account number 042-041432-002, case number ECD 2002-0679 (404) before the First of Instance Court of Caguas. In this case PREPA obtained a consent judgement that it now seeks to execute. Currently the parties are trying to reconcile the claim, since the monthly invoices have been disputed by the Debtor and the School of Medicine.

The termination of electrical service to a hospital not only impedes Debtor's ability to reorganize, but it literally poses a threat to the lives and well-being of the patients currently being treated by the hospital. In addition to the very well-being of the patients themselves, any termination of electrical services would also threaten the people who work and study at the Hospital. The bankruptcy petition was Debtor's sole alternative to preserve itself as a going concern, to preserve its ability to care for its patients, and to preserve the jobs and careers of the people who work and study at the hospital.

### *Argument*

1.  On March 18, 2011 the Debtor submitted its Bankruptcy Petition under Chapter 11 of the Bankruptcy Code. Debtor has been operating as debtor in possession since the submission of the petition pursuant to the provisions of sections §1107 and § 1108 of the Bankruptcy Code.

2.  Debtor continues to conduct its primary business activities as Debtor in possession. The

instant Motion addresses only the location where the Debtor continues to consume utilities.

3.    Debtor has, and will continue to maintain, account number 000202394730 with the Puerto Rico Autoridad de Acueductos y Alcantarillados (AAA). Debtor notes that although it relies fully on this account for the provision of sewer and water services, the name on the account is in the San Juan Bautista School of Medicine.

4.    Bankruptcy Code §366 provides as follows:

> **§366. Utility service**
> (a)  Except as provided in subsections (b) and (c) of this section, ***a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due***.
>
> (b)  Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.
> (c)(1)(A) For purposes of this subsection, the term "assurance of payment"
>
> means-
>
> > (i)      a cash deposit;
> > (ii)     a letter of credit;
> > (iii)    a certificate of deposit;
> > (iv)    a surety bond;
> > (v)     a prepayment of utility consumption; or
> > (vi)    another form of security that is mutually agreed on between the utility and the debtor or the trustee.

5.    Generally, "the purpose of § 366 is to prevent the ***threat*** of termination from being used to collect pre-petition debts while not forcing the utility" to provide *post-petition* services without assurances of it being paid. *Jones v. Boston Gas Co., (In re Jones)*, 369 B.R.

745, 748 (B.A.P. 1ˢᵗ Cir., 2007)(*citing In re Hanratty*, 907 F.2d 1418, 1424 (3d Cir., 1990)(emphasis added).

6.    Indeed, § 366 "in essence recognizes the monopoly powers of most utilities and ***requires*** that they [the utility companies] provide initial service to a debtor after a bankruptcy cases is commenced." *Jones v. Boston Gas Co., (In re Jones)*, 369 B.R. 745, 748 (B.A.P. 1ˢᵗ Cir., 2007). To this end, § 366 commands that a "utility may not alter, refuse, or discontinue service to a debtor 'solely on the basis of the commencement of a [bankruptcy case] or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due." 11 USC § 366(a).

7.    Accordingly, if the Debtor provides adequate assurance of payment for *post-petition* obligations *within 20 days* of the date of the Petition, AAA *may not* terminate or limit service.

8.    As adequate assurance of future performance to AAA, Debtor proposes to pre- pay AAA for all of its utility services at the beginning of each month an amount of $15,000.  This amount is based on the average fees for AAA's utility services for the past three months. Should AAA demonstrate that this amount has a shortfall for the monthly period, the Debtor shall cure this shortfall, after having reasonable opportunity to review the utility charges, within 30 days.   Should this amount result in any overpayment, the amount of the overpayment shall be applied towards the Debtor's monthly bill that immediately follows the period of the overpayment.

9.    Such assurance of payment is in compliance with §366, and specifically subparagraph (c)(1)(A)(v) thereof.

10.    The Debtor further notes that it is a hospital and that the continuous provision of water

and sewer services are absolutely essential for it to be able to care for its patients, provide for its employees and secure its reorganization.

11.     Any reduction, limitation or rationing of water and sewer services would be catastrophic for the Debtor's patients, the community that relies on the hospital and the Debtor's reorganization.

**WHEREFORE,** the Debtor respectfully requests that this Court enter an Order deeming the Debtor in compliance with the provisions of 11 USC § 366 recognizing that the Debtor has provided AAA with adequate assurance of payment for its post-petition utility services.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 21st of March, 2011.

        **I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties appearing in said system, including the U.S. Trustee and that I sent a a true copy of the foregoing via U.S. Mail toAAA and to the twenty (20) largest creditors.

**C. CONDE & ASSOC.**
*S/ Carmen Conde Torres*
Carmen Conde Torres, Esq.
USDC 207312
254 San José Street, 5th Floor
Old San Juan, Puerto Rico  00901
Telephone:  787-729-2900
Facsimile:  787-729-2203
E-Mail:  *condecarmen@microjuris.com*

**NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail,

any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico.  If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.  If a timely response to the application is filed, the Court may – in its discretion – schedule a hearing.