IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO.: 11-02270 |
|---|---|
| SAN JUAN BAUTISTA MEDICAL CENTER, CORP. | |
| | CHAPTER 11 |
| DEBTOR | |

## MOTION FOR ORDER UNDER 11 USC 105, 363, 1107 AND 1108 AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND CONTINUED USE OF CASH MANAGEMENT SYSTEM

**TO THE HONORABLE COURT:**

**COMES NOW**, San Juan Bautista Medical Center, Corp., hereinafter the Debtor, through the undersigned attorney and very respectfully states and prays:

1. On March 18. 2011, the Debtor filed its petition for relief pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

2. The Debtor is corporation dedicated to the administration of the hospital facilities commonly known as Hospital San Juan Bautista in Caguas, Puerto Rico. It provides patient care to the entire Caguas area and neighboring municipalities.

3. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to 11 USC 1107 and 1108.

4. By this motion the Debtor seeks the entry of an order under sections 105 (a), 363,1107 and 1108 of the Bankruptcy Code: (i) Authorizing the continued use of its centralized cash management system and procedures (ii) authorizing the maintenance and continued use of its existing bank accounts; (iii) and waiving certain operating guidelines related to bank accounts set forth in the United States Department of Justice, Office of the United States Trustee: Operating Guidelines for Chapter 11

Cases (" The UST Guidelines"), adopted by the United States Trustee for the District of Puerto Rico (" The UST") under the terms and conditions detailed below.

5. In the ordinary course of business prior to the petition Date, the Debtor used a centralized cash management system to collect funds from its operations and to pay the operating and administrative expenses in connection therewith. The Debtor's cash management system is relatively straightforward but is also dependent of electronic transfers made by Debtor's principal clients which are Medicare and the major medical plans in the island.

6. The Debtor is able to monitor its cash position on a daily basis. Disbursements are controlled by the financial personnel from its main offices in Caguas, Puerto Rico. By maintaining centralized control over the csh management system, the Debtor is able to facilitate cash forecasting and reporting, monitor collection and disbursement of funds and maintain control over the administration of the multiple bank accounts required to effect the collection, disbursement and movement of cash.

7. The Debtor maintains as of the petition date, the following bank accounts:

   a. Account No.: 385010236 in Banco Popular de Puerto Rico (" BPPR")- This account is a payroll account. Debtor receives direct deposits from MCS medical plan in this account.

   b. Account No.: 385010245 in Banco Popular de Puerto Rico (" BPPR")- This account is one of Debtor's operational accounts.

   c. Account No.: 2304022 in Cooperativa Oriental - This account is one of Debtor's operational accounts. The Debtor receives direct deposits from American Health medical plan in this account.

    **d.**    Account No.: 8003086 in Scotiabank- This account is a used for the payment of taxes.

    **e.**    Account No.: 8003081 in Scotiabank- This account receives direct deposits from Medicare and the Debtor's POS system on a daily basis.

**8.** Through its existence the Debtor has utilized a cash management system similar to its existing system. Although there may have been occasional changes through the years, the basic structure has remained constant.

**9.** Once the chapter 11 case if filed the US Trustee requests that the Debtor close its pre-petition bank accounts and open three DIP accounts in one of the Authorized Depository Bank listed in the Guidelines.

**10.** Cooperativa Oriental has not been appointed and/or listed as part of the Authorized Depository Banks by the US Trustee.

**11.** As of this date, the Debtor is in the process of opening its new DIP bank accounts at BPPR. Notwithstanding, the Debtor remains with its cash management system at BPPR, Cooperativa Oriental and Scotiabank due to the fact that it receives direct deposits from Medicare, other medical plans and its POS system in said accounts.

**12.** In order for the Debtor to obtain a change with each of the medical plans and Medicare of the direct deposit payment system requires an internal process with each of these institutions that may require up to sixty (60) days to finalize.

**13.** If the debtor closes the bank accounts without having made this internal process it risks a significant halt in its cash receipts and payment from its primary clients. Currently the relationship with Medicare and the medical plans do not provide for alternate methods of payment aside from the direct daily deposits to the above

mentioned bank accounts.

14. The debtor is herein requesting the term of sixty (60) days in order to request the change in the direct deposit payment method to the new DIP account with Medicare and the medical plans. This requested extension will not harm any party in interest but to the contrary it will assure the continued receipt of the payments and cash receipts of the Debtor.

15. In the event the Debtor is unable to timely obtain the change of direct payment to the DIP accounts with Medicare of any of the other medical plans, the debtor requests that it be allowed to maintain said accounts only for deposits and for the POS system with daily sweepings to the DIP operational account.

**WHEREFORE** the Debtor very respectfully requests that this Honorable Court allow it to (i) maintain its current cash management system and pre-petition existing bank accounts at BPPR, Cooperativa Oriental and Scotiabank until the Debtor is able to complete the internal process with the medical plans and Medicare for the change in the direct deposit system; (ii) in the event the Debtor is unable to timely obtain the change of direct payment to the DIP accounts with Medicare of any of the other medical plans, the debtor requests that it be allowed to maintain said accounts only for deposits and for the POS system with daily sweepings to the DIP operational account.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of March 2011.

**NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional three

(3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties therein registered to receive Notice including the US Trustee and counsel for PREPA, Ivan Castro. I further hereby certify that on this same date a true and exact copy of the foregoing has been send by regular mail to and to all parties who have filed a Notice of Appearance in the case at bar and who are not electronic service recipients and to all creditors and parties in interest as per the master address list herein attached.

> **C. CONDE & ASSOC.**
> 254 San José Street, 5th Floor
> Old San Juan, Puerto Rico 00901
> Telephone: 787-729-2900
> Facsimile: 787-729-2203
> E-Mail: *condecarmen@microjuris.com*
> /s/Carmen D. Conde Torres
> Carmen D. Conde Torres, Esq.
> USDC No. 207312