IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO.: 11-02270 |
|---|---|
| SAN JUAN BAUTISTA MEDICAL CENTER, CORP. | CHAPTER 11 |
| DEBTOR | |

MOTION REQUESTING DETERMINATION REGARDING THE APPOINTMENT OF
PATIENT CARE OMBUDSMAN IN COMPLIANCE
WITH SECTION 333 OF THE BANKRUPTCY CODE

TO THE HONORABLE COURT:

**COMES NOW**, San Juan Bautista Medical Center, Corp., hereinafter the Debtor, through the undersigned attorney and very respectfully states and prays:

1. On March 18, 2011. the Debtor filed its petition for relief pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

2. The Debtor is a health care business as defined by 11 USC 101 (27A).

3. Pursuant to Section 333 (a)(1) of the Bankruptcy Code if the Debtor is a health care business, the Court shall order, no later than 30 days after the petition is filed, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business, unless the court finds that such appointment is not necessary for the protection of the patients. 11 USC 333 (a)(1).

4. The necessity of the appointment of the ombudsman is a factual determination considered on the merits of each case. In re: North Shore Hematology-Oncology Associates, PC, 400 BR 7 (Bkrtcy E.D.N.Y. 2008); In re: Alternative Family Care, 377 BR 754 (Bkrtcy S.D.Fla. 2007); In re: Valley Health System, 381 BR 756

(Bkrtcy C.D. Ca. 2008). Some factors which have been considered when evaluating the adequacy of the appointment of an ombudsman are as follows:

a. The cause of the bankruptcy filing;

b. The presence or role of a licencing or supervising entity;

c. The Debtor's past history of patient care;

d. The patient's ability' to protect their rights;

e. The patient's dependency on the Debtor;

f. The likelihood of tension between the patient's and the Debtor's interests;

g. The potential injury or impact to patients if the Debtor drastically reduced the levels of patient care;

h. Whether internal safeguards exist to ensure an appropriate level of care;

i. The impact and cost of an ombudsman on the likelihood of the reorganization.

5. The Debtor understands that even though it is a health care business, the specific facts of this case make an ombudsman not necessary at this moment in time. The Debtor is distinguished for its high quality patient care and is an integral part of the teaching hospital which shares its premises.

6. Currently it has the sufficient financial capability to maintain this high quality patient care and is taking all of the necessary steps in order to assure that it will be continuing to have such financial capability.

7. Furthermore, the Debtor is subject to local and federal inspections, as well as private accreditation associations on a yearly basis in order to monitor patient care. Currently the Debtor is in substantial compliance with all applicable local and federal

regulations.

8. Due to the impact on the public welfare, the importance of the Debtor's operations in the Caguas Region and the patients which are being served by the Debtor, it is the intent of the Debtor to have this matter resolved in an amicable fashion and without the need for unnecessary litigation. Therefore, if after evaluating all of the specific facts of the case and after outweighing the administrative costs to the reorganization process that this appointment will entail, this Honorable Court and the United States Trustee understands that an ombudsman should be appointed, the Debtor will not object the same.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of March 2011.

### NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties therein registered to receive Notice including the US Trustee and counsel for PREPA, Ivan Castro.

I further hereby certify that on this same date a true and exact copy of the foregoing has

been send by regular mail to and to all parties who have filed a Notice of Appearance in the case at bar and who are not electronic service recipients and to all creditors and parties in interest as per the master address list herein attached.

**C. CONDE & ASSOC.**
254 San José Street, 5th Floor
Old San Juan, Puerto Rico  00901
Telephone:  787-729-2900
Facsimile:  787-729-2203
E-Mail:  *condecarmen@microjuris.com*
/s/Carmen D. Conde Torres
Carmen D. Conde Torres, Esq.
USDC No. 207312