IN THE UNITED STATES BAKRUPTCY COURT
FOR THE DISTRIC OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>SAN JUAN BAUTISTA MEDICAL CENTER CORP., a/k/a HOSPITAL SAN JUAN BAUTISTA<br><br>DEBTOR | CASE NO. 11-02270<br><br>CHAPTER 11 |
| DEPARTMENT OF HEALTH OF THE COMMONWEALTH OF PUERTO RICO<br>MOVANT<br><br>VS.<br><br>SAN JUAN BAUTISTA MEDICAL CENTER CORP., a/k/a HOSPITAL SAN JUAN BAUTISTA<br>RESPONDENT-DEBTOR | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR AUTHORIZATION TO ISSUE AND PUBLISH A REQUEST FOR PROPOSAL**

**TO THE HONORABLE COURT:**

**COMES NOW**, The Health Department of the Commonwealth of Puerto Rico, herein "the Health Department", through the Secretary of Justice, by the undersigned counsel, and respectfully states and prays as follows:

The Health Department of the Commonwealth of Puerto Rico requests this Honorable Court for relief from the automatic stay and for turnover of property not part of Debtor San Juan Bautista Medical Center, Corp. estate in this case pursuant to section 362 of Bankruptcy Code, 11 U.S.C. § 362, Federal Rule of

Bankruptcy Procedure 4001(a), Fed. R. Bankr. P. 4001(a) and Local Bankruptcy Rule 9013, P.R. LBR 9013.

**JURISDICTION AND VENUE**

1. This Honorable Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's Chapter 11 case and this motion in this district is proper pursuant to Title 28 USC §1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are section 362 of the Bankruptcy Code, 11 U.S.C. § 362 and Law No. 81 of May 14, 1912, as amended, 34 LPRA Sec. 171 et seq. and Law No. 3 of January 1st, 2003, as amended.

**BACKGROUND FACTS**

3. On March 18, 2011, the Debtor, San Juan Bautista Medical Corp., filed the instant petition for relief under Chapter 11, which operates as a stay, applicable to all entities, of (4) any act to create, perfect, or enforce any lien as against property of the estate;… (6) To collect, assess, or recover a claim against the Debtor that arose before the commencement of the case under this title; 11 USC §301 and 11 USC §362.

4. On June 30, 1999, the Health Department signed a lease contract with the San Juan Bautista Medicine School, hereafter School of Medicine, which is a separate and different entity from the above captioned debtor. The term of this agreement was

2

due on June 30, 2001. After said date the debtor has occupied the hospital premises on a monthly basis. See, **Exhibit 1.**

5. The Health Department leased the facilities of Dr. Eduardo Garrido Morales Hospital, on PR Rd. Num. 172, Turabo Gardens Caguas, Puerto Rico, to the School of Medicine. According to the Registry of Corporations of the Department of State of the Commonwealth of Puerto Rico, on October 31, 2001, the School of Medicine created a new corporation called San Juan Bautista Medical Center, which is the debtor in this case. Consequently, the School of Medicine sub-leased the property to the new created corporation, debtor in this case, San Juan Bautista Medical Center. Said action was prohibited by the section 2.01 of the lease contract between the Health Department and the School of Medicine. (See, Exhibit 1 at page 5) Thereafter, on June 3, 2011, the Health Department of Health notified the cancelation of the monthly basis lease contract with the School of Medicine.

6. Contrary to clause 2.01 of the lease contract, between the School of Medicine and the Department of Health, the above captioned debtor, San Juan Bautista Medical Center Corp., is the entity that has the immediate possession and control of Dr. Eduardo Garrido Morales Hospital facilities.

7. According with the termination of the lease contract, neither the School of Medicine nor the Debtor, San Juan Bautista

Medical Center Corp., has the right to stay in the Health Department's facilities.

**RELIEF REQUESTED**

8. Section 362(d)(1) of the Bankruptcy Code reads as follows:

**§ 362 Automatic Stay**

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

9. The Department of Health is a state agency of the Commonwealth of Puerto Rico, created by virtue of Law No. 81 of May 14, 1912, as amended, 34 LPRA Sec. 171 et seq.

10. The Department of Health has the ministerial duty to ensure people's health and the proper functioning of public and private health facilities, among others. It has the faculty and responsibility of promulgating and enforcing the necessary rules related to licenses and to the operation of health facilities, both private and public, in the Commonwealth of Puerto Rico.

11. Pursuant to Law 3 of January 1st, 2003, as amended, 24 L.P.R.A 3326 et seq., the Department of Health is entitled to sell, yield, lease or exchange the Health Department's

4

facilities, following the procedures established in the aforementioned law.

12. The Dr. Eduardo Garrido Morales Hospital facilities are not part of the bankruptcy estate.

13. The Department of Health has been diligent and has requested the School of Medicine the turnover of the property. Nevertheless, the School of Medicine had failed to comply with such request. **Exhibit 2.**

14. Accordingly, the Department of Health requests, in the exercise of its ministerial duty, an order lifting the automatic stay and directing the turnover of Dr. Eduardo Garrido Morales Hospital facilities.

15. The Department of Health requests from this Honorable Court, that the turnover of the facilities shall be done in a smooth transition process.

16. As part of that transition process, the Department of Health requests permission from this Honorable Court to immediately initiate the process of Public Notice in order to receive proposals pursuant to the Law 3 of January 1st, 2003, supra.

17. The turnover of the property shall be effective within thirty (30) days after the notice of the approval of the new proposal.

18. Since the Debtor has no legal right to posses and or to occupy the hospital facilities, and given the fact that said facilities do not constitute property of the estate, the Department of Health is entitled to the lifting of the bankruptcy stay. Consequently, this Court should approve the issuance of the request for proposals, the bidding process and should order the turnover of the hospital facilities in a transition process as described above.

**WHEREFORE**, the Health Department of Puerto Rico respectfully requests to this Honorable Court to take notice of the above and grant the following:

    (a) To grant it relief from the automatic stay;

    (b) To authorize the Health Department to immediately issue a request for proposal, announce the notification for bidding process and order the turnover of the hospital facilities;

    (c) To grant it all such other and further relief as may be deemed proper.

**NOTICE OF RESPONSE TIME**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve

and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is fordidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

### CERTIFICATE OF SERVICE

**I hereby certify** that on this same date a true and correct copy of the present *motion* was electronically filed with the clerk of the Court using CM/ECF System which will send notification of such filing at the authorized address to **Atty. Monsita Lecaroz Arribas**, U.S. Trustee and to the Attorney for Debtor, **Atty. Carmen D. Conde Torres**, and to all the Creditors and Interest parties disclosed under the List of Creditors.

I Do hereby further certify that a true and exact copy of the forgoing has been served to:

**Debtor**: **San Juan Bautista Medical Center Corp.**
**a/k/a San Juan Bautista**
**C/o Mrs. Lymari Colón Colón**
P.O. Box 4964
Caguas, Puerto Rico 00725-4964

**Debtor's Attorney:** **Carmen D. Conde Torres**
San José Street # 254 Suite 5
San Juan, Puerto Rico, 00901-1253

**U.S. Trustee: Donald F. Walton**
United States Trustee for Region 21
**Monsita Lecaroz Arribas**
Assistant United States
Office of the United States
Ochoa Building, Suite 301
500 Tanca Street
San Juan, PR  00901-1922

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this August 9, 2011.

        **GUILLERMO SOMOZA COLOMBANI**
        Secretary of Justice of the Commonwealth of Puerto Rico

        **GRISEL SANTIAGO CALDERÓN**
        Deputy Secretary of Justice
        In Charge of Litigation

        **WANDYMAR BURGOS VARGAS**
        U.S.D.C. No. 223502
        Director of Legal Affairs
        Federal Litigation Division

        *//S// MIGDA LIZ RODRÍGUEZ COLLAZO*
        **MIGDA LIZ RODRÍGUEZ COLLAZO, ESQ**
        U.S.D.C. NO. 224608
        Attorney
        Federal Litigation Division

        DEPARTMENT OF JUSTICE OF THE
        COMMONWEALTH OF PUERTO RICO
        P.O. Box 9020192
        San Juan, PR 00902-0192
        Phone 787 721-5636/8010
        Fax. (787) 723-9188
        bankruptcyjusticia.gobierno.pr@gmail.com